**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARCUS DEANGELO JONES,**

    **Petitioner,**

    v.                                                                                          **CASE NO. 18-3110-JWL**

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed by Petitioner as an "Original Writ of Habeas Corpus." (Doc. 1.)  Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se.  The Court grants Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion for Leave to Supplement Exhibits (Doc. 3).  Petitioner challenges his designation as a career offender.  The Court has screened his Petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner pleaded guilty to three crimes in Tennessee state court, served his sentences, and was released from state custody in 1998.  *In re Marcus DeAngelo Lee a.k.a. Marcus DeAngelo Jones*, No. 17-6038, Doc. 10–2 (6th Cir. Jan. 17, 2018) (citing *State v. Lee*, No. W2016-00107-CCA-R3-CD, 2017 WL 416292, at *1–2 (Tenn. Crim. App. Jan. 31, 2017)).

On April 26, 2000, Petitioner was found guilty by a jury in the Western District of Missouri of four counts of distributing, and possession with the intent to distribute cocaine base in violation

1

of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Petitioner was sentenced to a 327-month term of imprisonment, to be followed by five years of supervised release. *United States v. Jones a/k/a Lee*, No. 99-cr-4041-C-SOW (W.D. Mo.). The decision was affirmed on appeal. *United States v. Jones*, 275 F.3d 673 (8th Cir. 2001). Petitioner's many efforts to collaterally attack these convictions and sentence were unsuccessful. *See, e.g., Jones v. United States*, No. 02-cv-4123 (W.D. Mo. Oct. 10, 2002) (denying relief under § 2255); *Jones v. United States*, No. 03-1756 (8th Cir. July 24, 2003) (denying certificate of appealability); *Jones v. United States*, No. 04-3837 (8th Cir. July 6, 2005) (denying authorization to file a successive motion under § 2255). In 2013, the Sixth Circuit denied Petitioner relief from these convictions and sentence under § 2241. *Jones v. Castillo*, No. 11-6072 (6th Cir. May 31, 2013).

In a separate proceeding, Petitioner was convicted following a jury trial in the Western District of Missouri of being a felon in possession of a firearm, knowingly making a false statement to acquire a firearm, and unlawful possession of a firearm. On November 2, 2000, Petitioner was sentenced as an armed career criminal to a 327-month term of imprisonment, followed by five years of supervised release, to run concurrently with the sentence imposed in Case No. 99-cr-4041. *United States v. Jones a/k/a Lee*, No. 00-cr-04010-C-SOW (W.D. Mo.). The decision was affirmed on appeal. *United States v. Jones*, 266 F.3d 804 (8th Cir. 2001). Petitioner filed a § 2255 motion alleging ineffective assistance of counsel, as a result of which one of his convictions of being a felon in possession of a firearm was vacated and a previously-imposed special assessment was reduced. *United States v. Jones*, 403 F.3d 604 (8th Cir. 2005). The remainder of his sentence, including the aggregate 327-month term of imprisonment, remained unchanged. The District Court corrected Petitioner's sentence, which

was upheld on appeal. *United States v. Jones*, 185 F. App'x 541 (8th Cir. 2006). Petitioner's petition for authorization to file a successive § 2255 motion was denied. *Jones v. United States*, No. 09-2442 (8th Cir. July 20, 2009). In 2012, the Sixth Circuit denied Petitioner relief under § 2241. *Jones v. Castillo*, 489 F. App'x 864 (6th Cir. 2012).

Petitioner has filed numerous additional petitions under § 2255 and for leave to file successive motions under § 2255. *See, e.g., Jones v. United States*, No. 06-4015 (8th Cir. Dec. 6, 2006) (request to file a successive § 2255 denied June 19, 2007); *Jones v. United States*, No. 2:07-CV-4142-SOW (W.D. Mo.) (dismissed for failure to obtain permission on Jan. 31, 2008); *Jones v. United States*, No.2:12-cv-04121-SOW (W.D. Mo.); *see also Jones v. United States*, Case Nos. 15-2045, 16-1250, 17-3022 and 17-4137 (W.D. Mo.).

Petitioner has likewise filed multiple petitions under § 2241. *See Jones v. Stephens*, 2015 WL 6018392 (W.D. Tenn. Oct. 15, 2015) (noting that Petitioner had filed four previous petitions under § 2241 before that court and the United States District Court for the Southern District of Illinois, and citing *Jones v. Revell*, No. 05-467-JPG, 2005 WL 3481543 (S.D. Ill. Dec. 20, 2005) (dismissing § 2241 petition as a successive § 2255); *Jones v. Castillo*, 2:09-cv-02066-STA-tmp (W.D. Tenn.); *Jones v. Castillo*, No. 2:09-cv-02455-STA-tmp (W.D. Tenn.); *Jones v. Castillo*, No. 2:10-2570-STA-dkv (W.D. Tenn. July 15, 2011) (finding petition without merit where Petitioner alleged, among other claims, that his sentence as a career criminal is invalid and in excess of the statutory maximum in light of intervening, retroactive Supreme Court decisions), *affirmed Jones v. Castillo*, No. 11-6072 (6th Cir. May 31, 2013)); *see also Jones v. Stephens*, No. 15-6198 (6th Cir. Sept. 9, 2016) (affirming denial of § 2241 petition).

Petitioner alleges that on April 26, 2017, the Criminal Court of Shelby County, Tennessee, vacated five of his prior convictions and that three other convictions were held invalid (although

not vacated).  *See* Doc. 1–1, at 13–25.  Petitioner then filed a new § 2255 in Case No. 17-cv-4137 in the Western District of Missouri.  The District Court denied relief on July 28, 2017, and the Eighth Circuit affirmed.  *See United States v. Jones*, No. 17-3022 (8th Cir. 2018).

On April 26, 2018, Petitioner filed the instant Petition, asking the Court to release Petitioner from custody because the judgment confining him is "void for want of jurisdiction on an unconstitutional statute, or in excess of that authorized by law."  Petitioner argues that his continued incarceration on the current 327-month sentence under the "unconstitutional 18 U.S.C. § 924(e)(2)(B)'s residual clause ("ACCA")" represents a miscarriage of justice.

On April 27, 2018, Petitioner filed a petition for permission to file a successive habeas petition in the Eighth Circuit Court of Appeals.  *Jones v. United States*, No. 18-1904 (8th Cir.).

**Analysis**

Petitioner styles his Petition as an "Original Writ of Habeas Corpus" and asks the Court to "not recharacterize his motion but rule on the petition through the forum and remedy that is available under common law as labeled in the caption."  (Doc. 1, at 8.)  Petitioner argues that because his continued incarceration is based on a void sentence imposed based on an unconstitutional statute, his claim should not be characterized as a statutory § 2255, § 2255(e) or § 2241 motion.  However, "it is the substance of the pleading, not its title that determines whether it is a second or successive petition for habeas relief."  *McKnight v. Dinwiddie*, 362 F. App'x 900, 903 (10th Cir. 2010) (unpublished) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)); *see also McClain v. United States Dept. of Justice*, 936 F. Supp. 505, 507 (N.D. Ill. 1996) (the substance of a petition rather than its title determines whether it is governed by § 2241 or § 2255); *United States v. Jacobs*, No. 01-cr-80771, 2008 WL 1901233, at *1 (E.D. Mich. April 25, 2006) (although title of motion suggests relief is sought through a writ of mandamus, court looks to

substance to determine whether it is a motion under § 2255).

An allegation that there is no federal jurisdiction over the acts alleged to have been committed and therefore a lack of subject matter jurisdiction, may only be brought through § 2255. *United States v. Rogers*, 205 F. App'x 708, 710 (10th Cir. 2006) (unpublished) (citing 28 U.S.C. § 2255—"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Allegations that a judgment is rendered void attack the conviction and cannot be addressed under § 2241. *Twitty v. Wiley*, 336 F. App'x 768, 769 (10th Cir. 2009) (unpublished) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petitioner under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . .")); *see also Maddix v. United States*, 62 F. App'x 215, 216 (10th Cir. 2003) (unpublished) (allegation that judgment was void because court lacked subject-matter jurisdiction was not an attack on the execution of sentence, but rather was attacking the validity of his conviction).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

Petitioner acknowledges that he cannot meet the requirements of the savings clause, citing the Tenth Circuit's opinion in *Prost* and stating that "[u]nder controlling Tenth Circuit precedent, Petitioner cannot attack the void judgment and cause of confinement under an unconstitutional statute under the statutory remedies of 2255(e) and 2241." (Doc. 1, at 10.)

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1170. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion for Leave to Supplement Exhibits (Doc. 3) are **granted.**

**IT IS FURTHER ORDERED** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 21st   day of May, 2018.**

**s/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
